UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

| | | |
|---|---|---|
| EUGENE GROAT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-394 |
| | ) | |
| v. | ) | Honorable David W. McKeague* |
| | ) | |
| MICHIGAN STATE TREASURER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff originally filed his action in the Eastern District of Michigan. That court determined that venue was proper in this District and transferred the case. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous because the Court lacks subject matter jurisdiction over his claims.

_____

*Hon. David W. McKeague, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

## Discussion

I.      Factual Allegations

Plaintiff currently is incarcerated in the Deerfield Correctional Facility.  In his pro se complaint, Plaintiff sues the Michigan State Treasurer, claiming that he unlawfully seized Plaintiff's pension benefits under Michigan's State Correctional Facility Reimbursement Act (SCFRA), MICH. COMP. LAWS § 800.401 *et seq.*  Under SCFRA, the Michigan Treasurer may seek reimbursement to the state from "assets" owned by a prisoner for expenses incurred in caring for the prisoner.  MICH. COMP. LAWS § 800.404(3).  The statute defines "assets" to include "income or payments to such prisoner from . . . pension benefits . . .."  MICH. COMP. LAWS § 800.401a.  Defendant brought a state SCFRA action in the Genesee County Circuit Court.  The court issued an order to show cause why the State should not be entitled to seize Plaintiff's pension funds from General Motors Corporation.  On May 2, 2005, the court issued a final order requiring Plaintiff to have his pension benefits directed to his prisoner account.  The court further ordered the warden to make monthly distributions to the State from Plaintiff's prisoner account in the amount of ninety percent of the deposited pension benefits, not to exceed the actual cost of Plaintiff's care while incarcerated.  Plaintiff does not indicate whether he has appealed the order to the Michigan Court of Appeals.

In his complaint, Plaintiff asserts that his pension benefits are being seized in violation of the anti-alienation provision of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1101 *et seq.*  Plaintiff asks this Court to "overrule" the final order of the Genesee County Circuit Court and to enjoin Defendant from making any further attempts to alienate his pension funds.

- 2 -

II.     Rooker-Feldman Doctrine

ERISA subjects all employee benefit plans to federal regulation.  ERISA includes a specific preemption provision which provides that ERISA will "supersede any and all state laws" to the extent those laws "relate to" any employee benefit plan that is subject to ERISA.  29 U.S.C. § 1144(a).  Under another provision of the act, ERISA benefits provided "may not be assigned or alienated."  29 U.S.C. § 1056(d)(1).  Plaintiff maintains that the order of the Genesee County Circuit Court authorizing his pension benefits to be redirected to his prisoner account for purposes of seizure by the MDOC violates the anti-alienation provision of ERISA and therefore is preempted.[1]

Plaintiff's action is barred by the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine, derived from *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prohibits federal courts below the United States Supreme Court from exercising "appellate jurisdiction over the decisions and/or proceedings of state courts, including claims that are 'inextricably intertwined' with issues decided in state court proceedings."  *Executive Arts Studio, Inc., v. City of Grand Rapids*, 391 F.3d 783, 793 (6th Cir. 2004) (citations omitted).  The Supreme Court recently clarified that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*,

---

[1]The Michigan Supreme Court has squarely rejected Plaintiff's preemption argument.  In *State Treasurer v. Abott*, 660 N.W.2d 714 (Mich. 2003), *cert. denied*, 540 U.S. 1112 (2004), the Michigan Supreme Court reviewed a state court order that was virtually identical to the order at issue in this case, where the trial court ordered the prisoner to receive his pension benefits at his prison address and directed the warden to appropriate the funds from the prisoner's account under SCFRA.  The supreme court found that an assignment does not occur where the pension proceeds are sent to the retiree's current address and deposited into his own account.  *Id.* at 720. Therefore, the supreme court held that ERISA did not preclude distribution pursuant to the SCFRA after the funds were deposited in the inmate's prison account. *Id.* at 721.

125 S. Ct. 1517, 1521-22 (2005).  The purpose of the doctrine is to prevent "a party losing in state court . . .  from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 936-37 (6th Cir. 2002), *cert. denied*, 537 U.S. 1118 (2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). The *Rooker-Feldman* doctrine includes cases brought under 42 U.S.C. § 1983 because of the "full faith and credit" given to state judicial proceedings. *Gottfied v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998).

       The instant action is a "paradigm situation in which *Rooker-Felman* precludes a federal district court from proceeding." *Exxon Mobil Corp.*, 125 S. Ct. at 1527 (quotations and citations omitted).  Plaintiff seeks review of a state-court order entered before these federal district court proceedings commenced.  Therefore, under the *Rooker-Feldman* doctrine, this Court is barred from reviewing the order of the state circuit court. *See Walters v. Cox*, 342 F. Supp. 2d 670 (E.D. Mich. 2004) (*Rooker-Feldman* doctrine and full faith and credit statute preclude district court from reviewing state court decision that anti-alienation provision of ERISA did not prohibit seizure of prisoner's pension benefits to reimburse state for his incarceration costs).  Plaintiff's proper recourse is to appeal the decision of the state circuit court to the Michigan Court of Appeals and the Michigan Supreme Court.  If he does not get relief in the state appellate courts, he may then appeal to the United States Supreme Court.

       A claim dismissed on the basis of the *Rooker-Feldman* doctrine is legally frivolous and  constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, No. 01-5325, 2001 WL 1450704 (6th Cir. 2001) (holding action

- 4 -

to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same).

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action must be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b) because the Court lacks subject matter jurisdiction.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     August 24, 2005            /s/ David W. McKeague
                                      David W. McKeague
                                      United States Circuit Judge